IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                Case No.  18-10153-JWB

WILLIE L. SMITH,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion for compassionate release and to appoint counsel.  (Doc. 41.)  The court has considered the motion and finds that Defendant has failed to exhaust.  Therefore, for the reasons stated herein, Defendant's motion is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**I.**     **Facts and Procedural History**

On October 31, 2018, Defendant was charged by indictment with three counts of robbery in violation of 18 U.S.C. § 1951(a).  (Doc. 7.)  Defendant was ordered to be detained pending trial.  (Doc. 9.)  On June 10, 2019, Defendant pleaded guilty to one count of robbery.  According to the plea agreement, Defendant robbed a QuikTrip in south Wichita, Kansas, using actual and threatened force.  During the robbery, Defendant displayed a revolver and demanded cigarettes and money from the employee.  The plea agreement stated that the parties agreed that the other two robberies committed by Defendant would be dismissed but that those robberies would be considered relevant conduct for sentencing.  (Doc. 28 at 4-5.)  On October 8, 2019, Defendant was sentenced to 84 months imprisonment.  (Doc. 37.)

1

Despite having only served approximately 28 months of an 84-month sentence, Defendant now moves for compassionate release. (Doc. 41.) Defendant does not cite the compassionate release statute or specifically ask for a reduction in his sentence to time served. However, liberally construing his motion, the court determines that he seeks a sentence reduction to time served and to be released.

The motion makes no mention of any exhaustion of administrative remedies on the request for reduction of sentence. The motion alleges that Defendant suffers from asthma, diabetes, mental health conditions, and other things, which place him at high risk for COVID-19 complications. (*Id.* at 1-2.) Defendant states that more than 3,000 federal inmates have been placed on home confinement and that he is at low risk for re-offending. Defendant asks that he be appointed counsel and released.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act. Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic. Under 20-8, the FPD has fifteen days to notify the court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID. Here, the FPD notified the court that it did not intend to enter an appearance to represent Defendant.

**II.    Standard**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act. Under the amendment, a defendant may now file his own motion for release if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file

a motion on his behalf." *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (citation omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). This requirement is jurisdictional. *Id*.

Next, the court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) ... and a determination has been made ... that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(i-ii). The court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. There are four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, *2 (D. Kan.

Aug. 24, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)) (holding defendant bears the burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020)).

### III. Analysis

Defendant has failed to satisfy the exhaustion requirement. Nothing in his motion or the record indicates that he made any effort to exhaust his administrative remedies seeking compassionate release as required under 18 U.S.C. § 3582(c)(1)(a). The court is thus without jurisdiction to consider Defendant's motion. *See United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. July 15, 2020) ("Contrary to Springer's argument, he was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies."); *see also United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1 (D. Kan. Dec. 4, 2020).

### IV. Conclusion

Defendant's motion for compassionate release (Doc. 41) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

IT IS SO ORDERED. Dated this 8th day of March  2021.

 s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE