IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                             Case No. 18-10153-JWB

WILLIE L. SMITH,

        Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendant's motion for a sentence reduction. (Doc. 44.) The government has filed a response in opposition. (Doc. 45.) Defendant has failed to file a reply and the time for doing so has now passed. For the reasons stated herein, Defendant's motion is DENIED.

**I.**     **Facts and Procedural History**

On October 31, 2018, Defendant was charged by indictment with three counts of robbery in violation of 18 U.S.C. § 1951(a). (Doc. 7.) On June 10, 2019, Defendant pleaded guilty to one count of robbery. (Doc. 28.) According to the plea agreement, Defendant robbed a QuikTrip in south Wichita, Kansas, using actual and threated force. During the robbery, Defendant displayed a revolver and demanded cigarettes and money from the employee. A presentence report was ordered after the guilty plea. On October 8, 2019, Defendant was sentenced to 84 months imprisonment. (Doc. 37.)

Defendant moves for a sentence reduction on the basis that there has been a change to the sentencing guidelines that would impact the sentence.

1

**II.     Analysis**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* United States Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited April 17, 2024).

First, the amendment to the guidelines affected the number of status points that could be assigned to Defendants who committed an offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(e). Defendant received two status points under the prior guideline. (Doc. 29 ¶¶ 72–73.) Under the amended guideline, Defendant would only receive one status point. In this case, Defendant's criminal history score was 14, resulting in a criminal history category of VI. Applying the amendment, Defendant's criminal history score would be 13. A criminal history score of thirteen would not affect Defendant's criminal history category which would remain a VI. Therefore, this amendment would not provide relief to Defendant as his total offense level and criminal history category remain unchanged.

Second, the amendment created a new guideline for zero-point offenders. *See* § 4C1.1. This provision applies if a defendant did not receive any criminal history points. *Id.* § 4C1.1(a)(1).

Because Defendant received criminal history points, this amendment also provides no relief to Defendant.

### III.   Conclusion

Defendant's motion for sentence reduction (Doc. 44) is DENIED.  Defendant's request for counsel is DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 18th day of April, 2024.

                                                   __s/ John W. Broomes_____
                                                   JOHN W. BROOMES
                                                   UNITED STATES DISTRICT JUDGE